1

**BURSOR & FISHER, P.A**.
L. Timothy Fisher (State Bar No. 191626)
2 Sarah N. Westcot (Sate Bar No. 264916)
1990 North California Boulevard, Suite 940
3 Walnut Creek, CA 94596
Telephone: (925) 300-4455
4 Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
5          swestcot@bursor.com

6 **BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
7 369 Lexington Avenue, 10th Floor
New York, NY 10017
8 Telephone: (212) 989-9113
Facsimile: (212) 989-9163
9 E-Mail: scott@bursor.com

10 *Attorneys for Plaintiff*

11                  UNITED STATES DISTRICT COURT

12                  EASTERN DISTRICT OF CALIFORNIA

13

14 ANGELENA LEWIS, on behalf of herself and        Case No. _____
those similarly situated,

15                              Plaintiff,          **CLASS ACTION COMPLAINT**

16              v.                                   **JURY TRIAL DEMANDED**

17 TROPICANA PRODUCTS, INC. a division of
PepsiCo, Inc.,

18                              Defendant.

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Angelena Lewis, by her undersigned attorneys, brings this class action complaint against Tropicana Products, Inc., a division of PepsiCo, Inc. ("Defendant").  Plaintiff's allegations are based upon personal knowledge as to her own acts and upon information and belief as to all other matters.

<strong><u>NATURE OF THE ACTION</u></strong>

1.      This class action lawsuit asserts that the leading producer and marketer of branded fruit juices, Tropicana Products, Inc., a division of PepsiCo, Inc., ("Tropicana") has been falsely claiming that its heavily processed, designed and modified "not-from-concentrate" orange juice ("NFC juice") is 100% pure and natural orange juice.  Despite Tropicana's "100% pure and natural" claim, Tropicana's NFC juice is heavily processed and flavored – it is not 100% pure and natural.

2.      Mass marketed orange juice such as Tropicana's cannot be fresh squeezed as fresh squeezed orange juice is unstable and has a short shelf-life.  Mingua Jia, Q. Zhang, H., Min, D., *Pulsed Electric Field Processing Effects on Flavor Compounds and Microorganisms of Orange Juice*, 65 Food Chemistry 445-51 (1999).  Industrial processing and storage improves shelf life, but adversely affects the flavor, aroma, and nutritional qualities of orange juice.   Jordan, M. J., Goodner, K. L., Laencina, J. *Deaeration and Pasteurization Effects on the Orange Juice Aromatic Fraction*, 36 Lebensm-Wiss. U. Technol. 391-96 (2003).

3.      Nonetheless, to extend shelf-life, Tropicana NFC juice undergoes extensive processing which includes the addition of aromas and flavors to its NFC juice.  This extensive processing changes the essential nature of the NFC juice sold by Tropicana.  It is not natural orange juice.  It is instead a product that is scientifically engineered in laboratories, not nature, which explains its shelf-life of more than two months.

4.      Tropicana is well aware that consumers want and demand natural products, and it seeks to take advantage of that consumer preference by deceptively promoting and marketing its NFC juice as "100% pure and natural" even though it has been pasteurized, deaerated, stripped of its flavor and aroma, stored for long periods of time before it ever reaches consumers, and

then flavored, before it is packaged directly into the carton.  Some of the non-natural aspects of these processes include:

> (a) the removal of naturally present air from the intercellular spaces of the juice through the deareation process;
>
> (b) the reduction and deactivation of naturally occurring enzymes and microbial activity through pasteurization;
>
> (c) long term storage of dearated and pasteurized juices for a year or longer;
>
> (d) the addition of chemically engineered "flavor packs" to mimic the flavor that natural orange juice has, which because it is natural requires no flavor pack; and
>
> (e) the mixing of numerous types of oranges from Florida and Brazil that are then flavored to cover up the varietal and geographic differences.

5.     Tropicana makes no mention of its use of or reliance upon added flavoring and aroma or the extent to which its processing alters the essential nature of the juice in its NFC juice advertisements or on its label.  Instead, Tropicana includes on its NFC juice packaging an illustration of an orange with a straw stuck into it, which is meant to convey the message that its NFC juice is fresh from the orange. This reinforces the "100% Pure & Natural Orange Juice" claim in large, prominent type.

6.     Tropicana's NFC juice costs more than the juice sold by its rivals that is made from reconstituted juice made from concentrate.  NFC juice is not fresher than reconstituted juice made from concentrate.

7.     Tropicana's ability to extract a premium for its product is a testament to the success of its deceptive marketing campaign. Tropicana's market share is typically about 40 percent of all the orange juice sold each year.  Tropicana generated worldwide retail sales exceeding $5 billion in 2010 alone.

8.     Plaintiff seeks relief in this action individually, and as a class action on behalf of all purchasers of Tropicana NFC juice labeled and marketed as being "100% pure and natural orange juice," for unjust enrichment, breach of express warranty, and violation of the consumer fraud laws of the various states including the California Consumers Legal Remedies Act

1 ("CLRA"), Civil Code §§1750, *et seq.*, California Unfair Competition Law, Bus. & Prof. Code

2 §§17200 *et seq.*, and California False Advertising Law, Bus. & Prof. Code §17500 *et seq.*

3 **THE PARTIES**

4     9.    Plaintiff Angelena Lewis is a citizen of California who resides in Vacaville,

5 California.  Lewis purchased Tropicana NFC juice, which was represented as being "100% pure

6 and natural orange juice" from retail stores in Vacaville, California.  Plaintiff saw and read

7 Tropicana's misrepresentations that Tropicana NFC juice is "100% pure and natural orange

8 juice," and relied on such misrepresentations in deciding to purchase Tropicana NFC juice.

9 Plaintiff would not have purchased Tropicana NFC juice had she known that it was extensively

10 processed and flavored.

11     10.    Defendant Tropicana is a division of PepsiCo, Inc., a Delaware corporation with its

12 principal place of business located at 700 Anderson Hill Road, Purchase, New York 10577.

13 Tropicana manufactures markets and sells NFC juice nationwide.

14 **JURISDICTION AND VENUE**

15     11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d), in that

16 this is class action in which there are more than 100 class members and the aggregate amount in

17 controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class

18 member is a citizen of a state different from Defendants.

19     12.    Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action

20 because a substantial part of the events, omissions and acts giving rise to the claims herein

21 occurred in this District. Plaintiff Angelena Lewis, a citizen of California, purchased Tropicana

22 NFC juice from a retail store in this District, and Defendant Tropicana distributed, advertised

23 and sold NFC juice, which is the subject of the present complaint, in this District.

24 /

25 /

26 /

27 /

28

**FACTS COMMON TO ALL CLAIMS**

**Tropicana NFC Juice Is Not Pure, Fresh or Natural**

13.     Tropicana realizes that consumers are increasingly aware of the relation between health and diet and that consumers are demanding fresh and natural products that are minimally processed.

14.     Tropicana also recognizes the growing interest in premium quality juices, with very mild pasteurization, distributed refrigerated, and with a limited shelf-life. Vervoort, L., Van der Plancken, I., Grauwet, T., Timmermans, R., Mastwijk, H., Matser, A., Hendrickx, M., and Van Loey, A., *Comparing Equivalent Thermal, High Pressure and Pulsed Electric Field Processes for Mild Pasteurization of Orange Juice Part II: Impact on specific chemical and biochemical quality parameters*, 12 Innovate Food Science and Emerging Technologies 466-477 (2011).

15.     Throughout Tropicana's marketing materials, advertising, website, labeling, packaging and point of sale materials, Tropicana represents that its NFC juice is "100% pure and natural orange juice."

16.     The label for Tropicana NFC juice prominently features in large type "100% pure and natural orange juice."

17.     Tropicana also maintains a website, YouTube, Facebook, and Twitter sites for the purposes of marketing Tropicana NFC juice and where it touts the purity, freshness, and health benefits of its NFC juice.

18.     Tropicana recognizes that consumers are increasingly concerned about the types of foods they put into their bodies and the role of good nutrition in their overall health and well-being.

19.     While Tropicana claims that "making Tropicana orange juice is truly an art" it is far more a science.

20.     Tropicana NFC juice is not 100% pure and natural orange juice, but rather is both extensively processed and flavored.

**Tropicana NFC Juice Undergoes Deaeration**

21.     "Air is naturally present in the intercellular spaces of fruits.  During fruit maceration, homogenization, and juice extraction cells are crushed, the cell wall is disrupted and air is mixed in to the juice.  Air can be present as dissolved gas in solution or associated with the pulp particles, for example, in orange juice.  During cell disruption, metabolites and enzymes that are normally compartmentalized are mixed, producing chemical and biochemical reactions.  Oxygen in air, present in the spaces between the juice vesicles, and from the surroundings, saturates the juice producing oxidation reactions that often result in browning, changes in aroma, and loss of nutritional value.  These reactions are exacerbated by the increase in temperature during pasteurization and reduce the overall quality of the product during storage."  Garcia-Torres, R., Ponagandla, N. R., Rouseff, R. L., Goodrich- Schneider, R. M., and Reyes-De-Corcuera, J. I., *Effects of Dissolved Oxygen in Fruit Juices and Methods of Removal*, 8 Comprehensive Rev. in Food Sci. & Food Safety, 409 (2009).

22.     Because oxygen reduces the quality of stored orange juice, Tropicana uses deaeration to remove dissolved oxygen from the juice.

23.     Tropicana deliberately fails to mention that after being squeezed from oranges, its NFC juice undergoes deaeration, which strips the juice of oxygen, so it doesn't oxidize.

24.     Importantly, when orange juice is stripped of oxygen it is also stripped of important volatile compounds that provide flavor and aroma.  Jordan, M.J., Goodner, K.L., Laencina, J., *Deaeration and Pasteurization Effects on the Orange Juice Aromatic Fraction*, 35 Lebensmittel Wissenschaft und Technologie, 391-396 (2003).

25.     To ensure a high elimination of dissolved oxygen, Tropicana preheats its NFC juice before deaeration.  Heating orange juice further alters its flavor and reduces its aromatic quality.

**Tropicana NFC Juice Is Pasteurized and Stored For Up To One Year**

26.     Tropicana NFC juice is also pasteurized to improve the shelf-life, but this also alters the delicate flavor and reduces the aromatic quality of the juice.

CLASS ACTION COMPLAINT                                                                                          5

27.     Pasteurization, a form of thermal processing, reduces, inactivates, or eliminates enzyme and microbial activity in orange juice to extend its shelf-life, but also further reduces aroma and flavor qualities, and produces undesirable off-flavor and off-odor compounds.

28.     Pasteurization profoundly effects aroma composition and can create off-flavors or their precursors from Maillard, Strecker, and acid catalyzed hydration reactions. *See* Perez-Cacho, P. R. and Rouseff, R., *Processing and Storage Effects on Orange Juice Aroma: A Review*, 56 J. Agric. Food Chem., 9785-9796 (2008).

29.     Finally, aroma and flavor volatiles are further altered by storage.  In fact, increased storage time leads to a decrease in sweet odor, strength of the orange odor, sweet flavor, sour flavor, and orange aftertaste, and increases off-flavors and off-odors. *See*  Baxter,  I. A.,  Easton, K, Schneebeli, K., Whitfield, F., *High Pressure Processing of Australian Navel Orange Juices: Sensory Analysis and Volatile Flavor Profiling*, 6 Innovative Food Sci. & Emerging Tech., 372-387 (2005).

30.     Tropicana advertises that its NFC juice is squeezed from fresh oranges, again pushing the freshness of the product, yet fails to disclose to consumers that its product may be made from orange juice that has been pasteurized and stored for as long as one year.

31.     Tropicana understands that: pasteurization changes physical and chemical properties of orange juice; heat drives off volatiles altering the original flavor of the fresh orange juice; and increased storage time and temperature conditions of storage can cause orange juice to deteriorate in taste and nutritional value.

**Tropicana Adds Aroma And Flavor To Its NFC Juice**

32.     The mixture of volatile compounds with aroma activity is responsible for the characteristic aroma of orange juice. Garcia-Torres, R.., Ponagandla, N. R., Rouseff, R. L., Goodrich-Schneider, R. M., and Reyes-De-Corcuera, J. I., *Effects of Dissolved Oxygen in Fruit Juices and Methods of Removal*, 8  Comprehensive Reviews in Food Sci. & Food Safety, 416 (2009).

33.     Freshly squeezed orange juice tastes fresh naturally; however, after the volatiles are stripped from the orange juice and it is processed thermally the remaining liquid is essentially sugary, orange liquid that lacks the flavor and aroma of orange juice.

34.     Without the addition of flavoring and aroma, Tropicana's NFC juice would be an unpleasant, sugary orange liquid that would not only be unappealing, but nearly undrinkable.

35.     Tropicana adds aroma and flavoring to its NFC juice – the addition of which serves a technical function– to provide its processed orange juice an aromatic and flavor profile closer to fresh juice and to mask the affects of processing and storage.  The resulting product does not taste like fresh squeezed orange juice.

36.     Tropicana adds aroma and flavoring, referred to by some in the industry as flavor packs, designed by chemists and/or flavorists from processed orange oils and essence.

37.     Flavor packs are unnatural and are products of science.

38.     Flavor packs, not the grower in the grove or the fruit itself, give Tropicana NFC juice its distinctive taste.  Thus, the distinctive taste of Tropicana is a product of science (*i.e.*, flavor packs), not the fruit.

39.     Flavor packs, which are made from processed orange oil and essence, are not "processing aids" or "incidental additives" as those terms are defined by the United States Food and Drug Administration because they are added in significant levels and serve a technical function.

40.     Flavorists design the flavor packs to emphaize and highlight certain aromas and flavors associated with orange juice by fractioning orange oil and essence into individual components, reformulating them, and blending them in varying mixtures.  The aroma and flavoring added to the NFC juice bears little resemblance to the natural orange oil and essence that leaves the juice during deaeration or that is altered during pasteurization or storage.

41.     Tropicana also uses flavor packs to improve the flavor and aroma of lower quality juice.

42.     Ethyl butyrate is one of the chemicals found in high concentrations in the flavor packs added to Tropicana's NFC juice sold in North American markets.

43.     The flavor packs used for Tropicana NFC juice sold in other markets use less ethyl butyrate and highlight other fragrances and flavors that are preferred in those markets, further revealing that NFC juice is not pure and natural.

44.     Tropicana also adds orange essence to its NFC juice including water-soluble orange essence, which dilutes the NFC juice.

45.     Tropicana adds water-soluble orange essence because it provides the "freshest" characteristics to the NFC juice.

46.     Regardless of the time of year, Tropicana orange juice tastes the same even though it is made from different varieties and different blends of oranges that ripen at different times of the year because Tropicana uses added flavoring and aroma to maintain product consistency to address variations in the quality, variety, source, and ratios of oranges used (Valencia, Hamlin or Pera, for example).

47.     Due to the use of flavor packs, the flavor and aroma of Tropicana's NFC juice is consistent all year long despite natural variations in the quality, variety or source of the orange juice.

48.     By adding flavoring and aroma, Tropicana is able to make its NFC juice taste more like "fresh" Valencia (the most prized orange grown in Florida) even while it increases the ratio of Hamlin (the most heavily planted orange grown in Florida) or Pera (the most heavily planted orange grown in Brazil) included in the juice.

49.     Tropicana fails to mention the use of flavor packs or that it is the addition of flavor packs to the NFC juice that makes it taste "fresh" and mask the effects of processing and storage.

50.     Tropicana claims falsely that the "secret is right there on every carton or bottle of Tropicana Pure Premium: the juice is 100% pure and natural orange juice" while deliberately omitting any reference to Tropicana's use of or reliance upon flavor packs that are designed, not grown, by flavorists.

51.     Tropicana does not disclose to consumers on its labeling or mention in its advertising that its NFC juice is dependent upon and enhanced by added flavoring and aroma.

52.     Further, in its advertisements Tropicana suggests that there is no space for anything other than pure, fresh, natural orange juice in its cartons.  For example, in Tropicana's ad "Tropicana Pure Premium Puts The "Good" In Morning, it claims, "We squeeze 16 fresh-picked oranges into each 59-oz carton of Tropicana Pure Premium orange juice, and absolutely no space for added sugar, water or preservatives.  Tropicana, we put the good in morning."  This is false as Tropicana adds flavoring and aroma to its NFC juice.

53.     Tropicana does, however, suggest on its website that the orange oil extracted from the same fruit that is juiced is reintroduced to the juice for "consistent quality and flavor," but then suggests that the flavor of the oranges is protected by gentle squeezing and that the handling of the oranges provides that "unique, straight-from-the-orange Tropicana taste."  This is false and belies the importance of using flavoring and aroma created from orange oils and essence from different fruit (*i.e.*, fruit other than those that were squeezed and provided the orange pulp, cloud, and serum) that is reconfigured and recombined by flavorists and added to its NFC juice.

**Topicana's Misrepresentations That NFC Juice Is "100% Pure And Natural Orange Juice"**

54.     Tropicana leaves out the details about how its NFC juice is produced, processed, and flavored in its advertisements and on its cartons and containers.  Instead, Tropicana NFC juice is marketed as 100% pure and natural orange juice made from fresh squeezed oranges.

55.     Tropicana has engaged in a uniform marketing and advertising program representing that NFC juice is 100% pure and natural and made from fresh oranges to induce consumers to purchase NFC juice in reliance upon these representations.  These representations were prominently displayed on Tropicana's label, and within Tropicana's advertisements, promotional materials and website.

56.     Tropicana's commercials, print advertising, and on-line marketing is false and misleading in that it omits that: (a) NFC juice is extensively processed; (b) stored for as long as one year; and (c) that the flavor of the NFC juice is dependent upon added flavoring and aroma, while indicating that the product is 100% pure and natural orange juice.

57.     Tropicana leaves out the details about how its orange juice is produced, processed, and flavored in its advertisements and on its cartons and containers. Instead, Tropicana NFC juice is marketed as 100% pure and natural orange juice.

58.     When Florida is not producing oranges, Tropicana's NFC juice is a mixture of Florida juice, some or all of which has been stored from previous seasons, and Pera orange juice processed in Brazil and shipped to the United States.

59.     Processed NFC juice from Brazil is exported to ports in the United States in converted bulk carriers, tankers, and other massive shipping vessels. These orange juice tankers carry millions of gallons of orange juice cargo that is carried in cylindrical tanks. Tanker, Shipping & Trade, *Bulk Carrier is Transformed Into an Orange Juice Carrier*, June-July 2011, at 20-21.

60.     Brazil is quickly becoming a larger supplier of orange juice to Tropicana and contributes more than 20% of the juice contained in Tropicana NFC juice at times during the year. This percentage is expected to grow over time as Brazil ships more processed NFC juice to the United States.

61.     While Tropicana provides videos and images of its groves in Florida, it has never advertised or shown pictures of massive orange juice tankers that carry millions of gallons of orange juice cargo in enormous cylindrical tanks, much less trumpeted its dependence upon them and their cargo.

62.     For example, in its "Tropicana Orange Grove Tour" on its YouTube page, Tropicana invites consumers to: "Step into nature and see one of the groves where our 16 fresh-picked oranges squeezed in each 59-oz. of Tropicana Pure Premium come from. Watch the goodness!"

63.    Tropicana's representations that NFC juice is 100% pure and natural pertain to composition, attributes, characteristics, nutritional value, health qualities and value of its NFC juice.  Therefore, Plaintiff and members of the Class purchased products that they would not have purchased or paid more than they otherwise would have been willing to pay if the NFC juice they purchased had been labeled accurately.

## CLASS ACTION ALLEGATIONS

64.    Plaintiff brings this action under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2) and (b)(3) on her own behalf and on behalf of the following plaintiff class:

All purchasers of Tropicana's NFC juice in the United States (the "Class").

65.    Plaintiff Angelena Lewis also seeks to represent a subclass defined as follows:

All purchasers of Tropicana's NFC juice in California (the "California Subclass").

66.    Members of the Class and California Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and California Subclass number in the tens of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

67.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

a)    whether Tropicana was unjustly enriched by its conduct;

b)    whether Tropicana breached an express warranty made to Plaintiff and the Class;

c)    whether Tropicana breached the implied warranty of merchantability made to Plaintiff and the Class;

d)    whether Tropicana advertises, or markets NFC juice in a way that is false or misleading;

e)    whether NFC juice fails to conform to the representations, which were published, disseminated and advertised to Plaintiff and the Class;

CLASS ACTION COMPLAINT                                                                                    11

f)  whether Tropicana concealed from Plaintiff and the Class that NFC juice did not conform to its stated representations;

g)  whether, by the misconduct set forth in this Complaint, Tropicana has engaged in unfair, fraudulent or unfair business practices with respect to the advertising, marketing and sales of NFC juice;

h)  whether Tropicana violated the California Consumers Legal Remedies Act, California Unfair Competition Law and California False Advertising Law;

i)  whether Class members suffered an ascertainable loss as a result of the Tropicana's misrepresentations;

j)  whether, as a result of Tropicana's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

68.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and each member of the Class were similarly affected by Tropicana's wrongful conduct.

69.  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

70.  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Class treatment will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (Unjust Enrichment)

71.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

72.     Plaintiff brings this claim individually and on behalf of the members of the Class.

73.     "The unjust enrichment claim can be made from common classwide proof." *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a nationwide class where plaintiffs alleged defendants were unjustly enriched through a common scheme.).   "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.   In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.   At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.   The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009) (quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007)).

74.     Plaintiff and Class members conferred a benefit on Tropicana by purchasing the mislabeled NFC orange juice.

75.     Tropicana has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the NFC juice.   Retention under these circumstances is unjust and inequitable because Tropicana misrepresented that the NFC juice was 100% pure and natural when it was actually heavily processed and flavored.

76.     Plaintiff and Class members suffered a money loss as a result of Tropicana's unjust enrichment because: (a) they would not have purchased the NFC juice on the same terms if the true facts concerning the juice's actual composition had been known;  and (b) they paid a price premium due to the mislabeling of the NFC juice.

77.     Because Tropicana's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, Tropicana must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

## COUNT II
### (Breach of Express Warranty)

78.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

79.     Plaintiff brings this claim individually and on behalf of the members of the Class.

80.     Tropicana, as the designer, manufacturer, marketer, distributor, or seller expressly warranted that the NFC juice was "100% pure and natural orange juice."

81.     In fact, Tropicana's NFC juice undergoes extensive processing, lengthy storage, and is dependent upon added aroma and flavoring in a makeup not found in nature.

82.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the NFC juice on the same terms if the true facts concerning the juice's actual composition had been known; and (b) the NFC juice did not have the composition, attributes, characteristics, nutritional value, health qualities or value as promised.

## COUNT III
### (Violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.*)
### (Injunctive Relief Only)

83.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

84.     Plaintiff brings this claim on behalf of the California Subclass under California law.

85.     CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendant violated this provision by representing its NFC juice as 100% pure and natural when the juice is actually heavily processed and flavored.

86.     CLRA § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  Defendant violated this provision by representing its NFC juice as 100% pure and natural when the juice is actually heavily processed and flavored.

87.     CLRA § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  Defendant violated this provision by representing its NFC juice as 100% pure and natural when the juice is actually heavily processed and flavored.

88.     Plaintiff and the California Subclass members suffered injuries caused by Defendant's misrepresentations because: (a) they were induced to purchase a product they would not have otherwise purchased if they had known that Tropicana's NFC juice was heavily processed and flavored; (b) they paid a price premium due to the mislabeling of the NFC juice as "100% pure and natural."

89.     On January 6, 2012, prior to the filing of this Complaint, a CLRA notice letter was served on Defendant Tropicana which complies in all respects with California Civil Code § 1782(a). Plaintiff Lewis sent Defendant a letter *via* certified mail, return receipt requested, advising Tropicana that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.  Tropicana was further advised that in the event that the relief requested has not been provided within thirty (30) days, Lewis will amend this Complaint to include a request for monetary damages pursuant to the CLRA.  A true and correct copy of Plaintiff Lewis' CLRA letter is attached hereto as Exhibit A.

90.     Wherefore, Plaintiff seeks only injunctive relief for this violation of the CLRA.

<u>**COUNT IV**</u>
**(Violation of the Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et. seq.*)**
**(Injunctive Relief and Restitution Only)**

91.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

92.     Plaintiff brings this claim on behalf of the California Subclass under California law.

93.     Tropicana is subject to the Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

94.    Throughout the Class Period, Tropicana committed acts of unfair competition, as defined by § 17200, by using false and misleading statements to promote the sale of NFC juice, as described above.

95.    Tropicana's conduct is unfair in that the harm to Plaintiff and the Class arising from Tropicana's conduct outweighs the utility, if any, of those practices.

96.    Tropicana's conduct, described herein, violated the "fraudulent" prong of the UCL by representing that its NFC juices were "100% pure and natural" when in fact they were not.

97.    Plaintiff and California Subclass members have suffered injury and actual out of pocket losses as a result of Tropicana's UCL violations because: (a) Plaintiff and the Class were induced to purchase a product they would not have otherwise purchased had they known its true composition; and (b) Plaintiff and the Class were induced to pay substantially more for Tropicana NFC juice than they would have paid if its true characteristics had not be concealed or misrepresented.

98.    Pursuant to California Business & Professions Code § 17203, Plaintiffs and the Class are therefore entitled to: (a) an Order requiring Tropicana to cease the acts of unfair competition alleged herein; (b) an Order requiring corrective disclosures; (c) full restitution of all monies paid to Tropicana as a result of their deceptive practices; (d) interest at the highest rate allowable by law; and (e) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

**COUNT V**
**(False Advertising)**
**(False Advertising Law, Business & Professions Code § 17500 *et seq.*)**

99.    Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

100.    Plaintiff brings this claim on behalf of the California Subclass under California law.

101.    California's False Advertising Law (*Bus. & Prof. Code* § 17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning  .  .  .  personal property or services,

professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

102.    Throughout the Class Period, Tropicana committed acts of false advertising, as defined by §17500, by using false and misleading statements to promote the sale of NFC juice, as described above.

103.    Tropicana knew or should have known, through the exercise of reasonable care that the statements were untrue and misleading.

104.    Tropicana's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

105.    Plaintiff and California Subclass members suffered lost money or property as a result of Defendants' FAL violations because: (a) Plaintiff and the Class were induced to purchase a product they would not have otherwise purchased had they known its true composition; and (b) Plaintiff and the Class were induced to pay substantially more for Tropicana NFC juice than they would have paid if its true characteristics had not be concealed or misrepresented.

106.    Plaintiff brings this action pursuant to § 17535 for injunctive relief to enjoin the practices described herein and to require Tropicana to issue corrective disclosures to consumers.

## COUNT VI
### (Violation of the Consumer Fraud Laws of the Various States)

107.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

108.    Plaintiff brings this claim individually and on behalf of the members of the Class.

109.    By mislabeling and selling the NFC juice as "100% pure and natural" when in fact it is not, Tropicana has engaged in unfair competition or unlawful, unfair, misleading, unconscionable, or deceptive acts in violation of the state consumer statutes listed below.

110.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of ALA. CODE § 8.19-1, et seq.

111.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of ALASKA STAT. CODE § 45.50.471, et seq.

112.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of ARIZ. REV. STAT. § 44-1522, et seq.

113.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN. § 4-88-107, et seq.

114.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of COLO. REV. STAT. § 6-1-101, et seq.

115.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110b, et seq.

116.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, et seq.

117.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN. § 28-3901, et seq.

118.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of FLA. STAT. ANN. § 501.201, et seq.

119.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, et seq.

120.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, et seq.

121.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, et seq.

122.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILL. COMP. STAT. 505/1, et seq.

123.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, et seq.

124.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE §714.16, et seq.

125.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of KAN. STAT. § 50-623, et seq.

126.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, et seq.

127.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1404, et seq.

128.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A, et seq.

129.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. CODE. ANN., COM. LAW § 13-101, et seq.

130.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation MASS. GEN LAWS ch. 93A, §1, et seq.

131.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of MICH. COMP. LAWS § 445.901, et seq.

132.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of MINN. STAT. § 8.31, et seq.

133.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. § 75-24-3, et seq.

134.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT. § 407.010, et seq.

135.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of MONT. CODE ANN. § 30-14-101, et seq.

136.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEB. REV. STAT. § 59-1601, et seq.

137.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEV. REV. STAT. 598.0903, et seq.

138.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN. § 358-A:1, et seq.

139.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. STAT. ANN. § 57-12-1, et seq.

140.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. GEN. BUS. LAW § 349, et seq.

141.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J.S.A. 56:8-1, et seq.

142.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. GEN. STAT. § 75-1.1, et seq.

143.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01, et seq.

144.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of OKLA. STAT. tit. 15, § 751, et seq.

145.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. § 646.605, et seq.

146.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 PA. CONS. STAT. § 201-1, et seq.

147.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN. LAWS § 6-13.1-1, et seq.

148.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. CODE § 39-5-10, et seq.

149.    Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1, et seq.

150.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of TENN. CODE ANN. § 47-18-101, et seq.

151.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, et seq.

152.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of UTAH CODE. ANN. § 13-11-1, et seq.

153.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of VT. STAT. ANN. tit. 9, § 2451, et seq.

154.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196, et seq.

155.     Tropicana has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of WASH. REV. CODE § 19.86.010, et seq.

156.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of W. VA. CODE § 46A-6-101, et seq.

157.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT. § 100.18, et seq.

158.     Tropicana has engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN. § 40-12-101, et seq.

159.     The acts, practices, misrepresentations and omissions by Tropicana described above, and Tropicana's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated statutes, because each of these statutes generally prohibits deceptive conduct in consumer transactions, and Defendant violated each of these statutes by representing the representing the NFC juices were "100% pure and natural" when in fact they were not.

160.     Plaintiff and Class Members were injured as a direct and proximate result of Tropicana's unfair, deceptive and/or unconscionable acts and practices, because: (a) Plaintiff and

CLASS ACTION COMPLAINT                                                                                21

the Class were induced to purchase a product they would not have otherwise purchased had they known its true composition; and (b) Plaintiff and the Class were induced to pay substantially more for Tropicana NFC juice than they would have paid if its true characteristics had not be concealed or misrepresented.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment as follows:

a.  For an order certifying the Plaintiff Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and her attorneys as Class Counsel to represent the Class members;

b.  For an order declaring Tropicana's conduct violates the statues referenced herein;

c.  For an order finding in favor of the Plaintiff, the nationwide Class and the California Subclass on all counts asserted herein;

d.  For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.  For an order awarding Plaintiff, the Class, and the California Subclass their reasonable attorneys' fees and expenses and costs of suit.

i.  For such other further relief the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

/

/

/

CLASS ACTION COMPLAINT                                                                   22

Dated:  January 6, 2012

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  *   /s/  Sarah N. Westcot   *
　　　　Sarah N. Westcot

L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (Sate Bar No. 264916)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
　　　　　swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com

*Attorneys for Plaintiff*

1    I, Angelena Lewis, declare as follows:

2    1.    I am a plaintiff in this action and a citizen of the State of California. I have personal

3    knowledge of the facts herein and, if called as a witness, I could and would testify competently

4    thereto.

5    2.    The Complaint filed in this action is filed in the proper place for trial under Civil

6    Code Section 1780(d) in that defendant Tropicana Products, Inc. does business in Solano County

7    and a substantial portion of the transaction complained of occurred in Solano County within the

8    Eastern District of California. I purchased Tropicana not-from-concentrate orange juice at retail

9    stores in Vacaville, California in 2011. I was not aware when I made the purchases that the juice

10    was heavily processed and flavored. The description of the juice as pure and natural on the label

11    was a substantial factor influencing my decision to purchase the juice. I would not have purchased

12    the juice if I had known that it was heavily processed and flavored and not made from natural

13    orange juice.

14    I declare under the penalty of perjury under the laws of the State of California that the

15    foregoing is true and correct, executed on January 6, 2012 at Benicia, California.

16

17

18    Angelena Lewis

19

20

21

22

23

24

25

26

27

28

CLRA VENUE DECLARATION